IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RIDGMAR CROSSROADS CONDOS, INC. § § § *Plaintiff* § § V. § SCOTTSDALE INSURANCE COMPANY § AND DAVID MORGAN, § § *Defendants* § | CAUSE NO. _____ |

## DEFENDANT SCOTTSDALE INSURANCE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Scottsdale Insurance Company ("Scottsdale") files its Notice of Removal to the United States District Court for the Northern District of Texas, Dallas Division, on the basis of diversity of citizenship, improper joinder and amount in controversy, and respectfully shows the following:

### I.   PROCEDURAL BACKGROUND

1. On November 2, 2016, Plaintiff Ridgmar Crossroads Condos, Inc. ("Ridgmar" or "Plaintiff") filed its lawsuit styled *Ridgmar Crossroads Condos, Inc. v. Scottsdale Insurance Company and David Morgan,* Cause No. 288655-16, in the 236 District Court of Tarrant County, Texas, naming Scottsdale and David Morgan ("Morgan") as defendants.

2. Defendant Scottsdale received a copy of the Plaintiff's Original Petition on November 7, 2016.

3. Defendant Scottsdale files this notice of removal within 30 days of receiving Plaintiff's Original Petition. *See* 28 U.S.C. § 1446(b). This Notice of Removal is being filed within one year of the commencement of this action. *see id.*

4. All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a). All such documents are fully incorporated herein by reference and as if fully set forth herein. *See* Index of Matters Being Filed, attached hereto as Exhibit "A". A List of Parties and Counsel is attached as Exhibit "B". A copy of the Docket Sheet is attached as Exhibit C. A copy of Plaintiff's Original Petition is attached as Exhibit "D". Defendant Scottsdale's Original Answer to Plaintiff's Original Petition is attached as Exhibit "E". Defendant David Morgan's Original Answer to Plaintiff's Original Petition is attached as Exhibit "F". A copy of this Notice is also concurrently being filed with the state court and served upon the Plaintiff.

5. Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and embraces Tarrant County, Texas, the place where the removed action has been pending and because a substantial part of the events giving rise to the Plaintiff's claims allegedly occurred in this district and the property in question is located in this district.

## II.   BASIS FOR REMOVAL

6. Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a), and 1446.

7. In Plaintiff's Original Petition, Plaintiff seeks damages of over $200,000 but not more than $1,000,000. Accordingly, the amount in controversy exceeds the jurisdictional requirement of $75,000.

8. Morgan is a Texas resident has been improperly joined.

9. Defendant Scottsdale is incorporated under the laws of the state of Arizona with its principal place of business in Arizona.

### A. The Proper Parties are diverse

10. Plaintiff is, and was at the time the lawsuit was filed, a citizen of Texas.

11. Defendant Scottsdale is incorporated under the laws of the State of Ohio, and its principal administrative offices are located in Scottsdale, Arizona.

### B. Defendant Morgan has been improperly joined in this lawsuit

12. A party may establish improper joinder when is shows (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a state-law claim against the non-diverse defendant. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), cert. denied, 544 U.S. 992 (2005); *Griggs v. State Farm Lloyd's*, 181 F.3d 694, 699 (5th Cir. 1999). Scottsdale would show that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant, individually," which is the test adopted by the Fifth Circuit in *Smallwood*. 385 F.3d at 573. Morgan did not commit a tort in his individual capacity.

13. The Court may conduct the *Smallwood* test using a Rule 12(b)(6) analysis of the Original Petition to determine whether Plaintiff states a claim, or the Court may use a summary inquiry to identify discrete and undisputed facts that would preclude recovery. *See id*. The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994). Additionally, "merely *pleading* a valid state law claim . . . against the resident defendant does not mean that the joinder of the resident defendant is not fraudulent . . . ." *Hornbuckle v. State Farm Lloyd's*, 385 F.3d 538, 542 (5th Cir. 2004). In the context of joinder of non-diverse insurance adjusters, Federal Courts have required plaintiffs "to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer." *Okenkpu v.*

*Allstate Texas Lloyd's*, Civ. A. H-11-2376, 2012 WL 1038678 at *7 (S.D. Tex. Mar. 27, 2012) (citing *Centro Cristiano Cosecha Final, Inc. v. The Ohio Casualty Ins. Co.,* Civ. A. No. H–10–1846, 2011 WL 240335, *14 (S.D.Tex. Jan.20, 2011); *Gonzales v. Homeland Ins. Co. of New York,* Civ. A. No. H–11–123, 2011 WL 3104104 (S.D.Tex. July 25, 2011); *Emmanuel Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.,* Civ. A. No. H–10–4162, 2011 WL 2837588 (S.D.Tex. July 18, 2011); *Jiminez v. Travelers Indem. Co.,* Civ. A. No. H–09–1308, 2010 WL 1257802, *6 (S.D.Tex. Mar.25, 2010); *Glen Willow Apartments v. Lexington Ins. Co.,* Civ. A. No. H–10–2095, 2011 WL 1044206, *3 (March 16, 2001)).

14. Here, Plaintiff fails to offer any specific facts in support of his claims against Morgan that are distinct from Plaintiff's claims against Scottsdale, and therefore fail to state a viable state law claim against Morgan, individually. *See Okenkpu*, 2012 WL 1038678 at *7; *Keen v. Wausau Business Ins. Co.*, 875 F.Supp.2d 682 (S.D.Tex. 2012) (Harmon, J.) ("[W]hen an adjuster's actions 'can be accomplished by [the insurer] through an agent' and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions 'are indistinguishable from [the insurer's] actions' and hence are insufficient to support a claim against the adjuster.") (citing *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, 2011 WL 240335, *14 (S.D. Tex. 2011)).

15. Plaintiff's allegations against Morgan are conclusory, in that they contain no reference to any material facts to which the law should apply. Aside from alleging that Morgan was assigned by Scottsdale to adjust the claim, Plaintiff's only factual allegations that apply specifically to Morgan are the generic and conclusory allegations that it i) failed to document and perform a proper inspection; ii) undervalued Plaintiff's claim; iii) misrepresented to Plaintiff the amount of covered damage under the Policy; iv) failed to make an attempt to settle Plaintiff's

claim in a fair manner; v) failed to explain to Plaintiff the reasons for their offer of an inadequate settlement; vi) failed to affirm or deny coverage of Plaintiff's claim within a reasonable amount of time. Just as in the *Okenkpu* case cited above, the Original Petition "fails to specify any statements which Plaintiff considers to be misrepresentations or fraudulent, [Plaintiff does] not identify when and where these statements were made or why they are fraudulent or misrepresentative." *Okenkpu*, 2012 WL 1038678 at *6.

16. The Fifth Circuit has recently held that the sufficiency of a plaintiff's state-court petition for purposes of a removal and improper joinder analysis should be measured under federal court pleading standards. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir.2016); *see also Mastronardi v. Wells Fargo Bank*, 653 Fed. Appx. 356 (5th Cir. 2016) (noting that the revised Texas standard of pleading "now tracks the federal standard.").

17. Accordingly, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir.2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. As part of the *Twombly-Iqbal* analysis, the court proceeds in two steps. First, the court separates legal conclusions from well-pled facts. *Iqbal*, 556 U.S. at 678–79, 129 S.Ct. 1937. Second, the

court reviews the well-pled factual allegations, assumes they are true, and then determines whether they "plausibly give rise to an entitlement of relief." *Id*. at 679.

18.     Briefly summarizing statutory language and common law causes of action, as Plaintiff did here, is not the same as pleading actionable facts to which a cause of action should apply.  Thus, there is no reasonable basis for the Court to predict that Plaintiff might be able to recover against Morgan.  *Griggs*, 181 F.3d at 699-701; *Keen*, 875 F.Supp.2d at 686 (because Plaintiff's claims against the adjuster are identical to his claims against the insurer, Plaintiff fails to adequately state a claim against the adjuster); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 2009 WL 1437837, at *3-4 (N.D. Tex. 2009) (finding allegations that listed Insurance Code provisions and asserted that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Lakewood Chiropractic Clinic*, 2009 WL 3602043, at *3 (S.D. 2009) (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery).

19.     Further, without asserting facts as to how Morgan, individually and not as the adjusting company assigned by Scottsdale, committed an actionable violation of the Texas Insurance Code, Plaintiff's claims cannot survive dismissal.  *Twombly*, 550 U.S. at 555.  Generic allegations will not support an arguable basis of individual liability against the individual Non-Insurer Defendants.  *Caballero v. State Farm Lloyds*, 2003 WL 23109217 (S.D.Tex. 2003) (Hudspeth, J.) (not designated for publication).  Texas law is clear that to be liable for alleged Insurance Code violations, the adjuster, individually, must have committed the violation that caused the harm.  *Frisby v. Lumberman's Mut. Cas. Co.*, 500 F.Supp.2d 697 (S.D.Tex. 2007).  Here, the alleged harm is Scottsdale's failure to pay for roof, fence and gutter damage.

20. To state a valid state law cause of action, Plaintiff's Original Petition must demonstrate a factual fit between the allegations and the pleaded theory of recovery. *First Baptist Church of Mauriceville, Texas v. Guideone Mut. Ins. Co.*, 2008 WL 4533729 *4 (E.D.Tex. 2008 (not designated for publication) (Hines, J.) *see Griggs*, 181 F.3d at 700). In the instant case, no such fit exists. Mere recitals of the elements of a cause of action supported by conclusory statements are insufficient to establish a state law cause of action. *See Iqbal*, 556 U.S. at 678. It is not the law in Texas that any time an adjuster writes an estimate below a policy's deductible or for less than full limits of the policy that a reasonable possibility of recovery against him/her individually exists because he/she theoretically could have possibly violated the Insurance Code. *McGinty v. Hennen*, 372 S.W.3d 625, 658 (Tex. 2012) (overturning a jury verdict finding that an expert's repair estimate using Xactimate was not legally sufficient evidence of damages). This, however, is precisely the pleaded claims against Morgan in the Original Petition. As pleaded, these claims are not actionable, but are asserted only in an attempt to defeat diversity jurisdiction.

21. The claim at issue, no matter how Plaintiff couches it in the lawsuit, is whether Scottsdale owes Plaintiff any amount for a covered loss. Plaintiff's claim is for economic losses against Scottsdale, which are contractual claims. Further, a *bona fide* dispute as to coverage or the amount of the claim precludes claims of bad faith and Insurance Code violations as a matter of law. Therefore, Plaintiff's assertions against Morgan, the non-diverse defendant, fail to show any likelihood of recovery against Morgan, individually. The citizenship of the non-diverse defendant, Morgan, therefore, is disregarded and removal of this case is proper.

    **C.**    **Plaintiff's Pleaded Amount in Controversy Exceeds the Jurisdictional Threshold for subject matter jurisdiction.**

22. As alleged in the Original Petition, Plaintiff seeks monetary relief between the amount of $200,000, but less than $1,000,000. Exhibit D, Plaintiff's Original Petition. Indeed, it is facially apparent Plaintiff's pleaded amount in controversy exceeds the federal jurisdictional requirements.

### III.    THIS REMOVAL IS PROCEDURALLY CORRECT

23. Scottsdale first obtained notice of this lawsuit on November 7, 2016, when it was served with Plaintiff's Original Petition. Thus, Scottsdale is filing this Notice within the 30 day time period required by 28 U.S.C. § 1446(b).

24. Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District includes the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District.

25. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

26. Promptly after Scottsdale files this Notice of Removal, written notice of the filing will be given to Plaintiff pursuant to 28 U.S.C. §1446(d).

27. Promptly after Scottsdale files this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Tarrant County District Court pursuant to 28 U.S.C. §1446(d).

28. Consent of an improperly joined defendant is not necessary for removal. Nonetheless, Morgan consents to this removal.

## IV.  CONCLUSION

29. Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Scottsdale hereby removes this case to this Court for trial and determination.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: */s/ George H. Arnold*
George H. Arnold, Attorney-In-Charge
Texas Bar No.:  00783559
Federal Bar No.: 15948
E-Mail:  garnold@thompsoncoe.com
Marilyn S. Cayce
Federal Bar No. 9986
State Bar No. 17705500
E-Mail: mcayce@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas  77056
Telephone:  (713) 403-8210
Facsimile:  (713) 403-8299

**ATTORNEYS FOR DEFENDANT
SCOTTSDALE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that on the 6th day of December, 2016, a true and correct copy of the foregoing document was delivered to all counsel of record, via facsimile, email or certified mail, return receipt requested, in accordance with the Texas Rules of Civil Procedure:

Richard D. Daly
Ana M. Ene
2211 Norfolk St., Suite 800
Houston, Texas 77098
713.655.1405 - Telephone
713.655.1587 - Fax
*Attorneys for Plaintiff*

*/s/ Marilyn S. Cayce*
Marilyn S. Cayce

2584212v1
04805.265